UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re | |
| **EDRA D BLIXSETH**, | Case No. **09-60452-7** |
| Debtor. | |
| | |
| **ATIGEO LLC** and **XPATTERNS LLC**, | |
| Plaintiffs. | |
| -vs- | |
| **RICHARD SAMSON**, **EDRA D BLIXSETH**, **OPSPRING LLC**, **BLXWARE, LLC**, **JULIE BARVE**, **MATTHEW CROCKER**, **ERIK BERGSAGEL**, and **WESTERN CAPITAL PARTNERS LLC**, | Adv No. **09-00105** |
| Defendants. | |

# MEMORANDUM of DECISION
# and ORDER

At Butte in said District this 10th day of November, 2011.

In the above-referenced Chapter 7 bankruptcy proceeding, and in related Adversary

Proceeding 09-00105, after due notice, a hearing was held October 24, 2011, in Butte on

Third-Party Plaintiff, Western Capital Partners LLC's "Motion to Reconsider this Court's

Finding of Fact Conclusion of Law and Order Dated September 27, 2011, at Docket #1054 and

1

Order at #1055" filed at docket entry no. 1059 in Debtor's main bankruptcy case and filed at

docket entry no. 289 in the Adversary Proceeding.  Moving party Western Capital Partners, LLC

("WCP") was represented at the October 24, 2011, hearing by Robert W. Hatch, II of Denver,

Colorado; Richard J. Samson ("Samson"), the Chapter 7 Trustee for Edra Blixseth, was

represented at the hearing by David B. Cotner of Missoula, Montana; Atigeo LLC and xPatterns,

LLC were represented by Brian C. Park of Seattle, Washington.

This Memorandum of Decision includes the Court's findings of fact and conclusions of

law.  For the reasons discussed below, the Court denies WCP' Motions to Reconsider.

FACTUAL BACKGROUND

I.        Adversary Proceeding 09-00105.

The Adversary Proceeding was commenced on December 7, 2009, when counsel for

Atigeo LLC and xPatterns, LLC filed a complaint against various parties, including Debtor and

the Chapter 7 Trustee, Samson.  On February 1, 2010, Samson filed an answer, counterclaim and

third party complaint against Michael Sandoval, Heather Sandoval and HMJZ, LLC.  On March

25, 2010, Plaintiffs Atigeo LLC and xPatterns LLC, Defendant Samson, Third Party Defendants

Michael Sandoval, Heather Sandoval and HMJZ LLC and WCP filed a Stipulation wherein WCP

asserted it was the real party in interest to a certain Letter Agreement and that it intended to file a

motion to intervene.  Pursuant to the Stipulation, the parties agreed that WCP would have until

March 29, 2010, to intervene.  As stated in the Stipulation, WCP filed a motion to intervene on

March 29, 2010, requesting it "be joined as a defendant in this case pursuant to F.R.C.P. 20(a)

and to be further granted permission to participate as a litigant as to those third party claims or

counterclaims that have already been filed in this case."  Said motion was granted March 31,

2

2010.

After it intervened in this action, WCP participated in opposing Michael Sandoval, Heather Sandoval and HMJZ LLC's Motion to Dismiss Third Party Complaint filed March 11, 2010, and on the Plaintiffs' Fed.R.Civ.P. 12(b)(6) Motion to Dismiss Trustee's Counterclaims filed March 11, 2010. On July 11, 2010, the Honorable Ralph B. Kirscher entered an Order denying, without prejudice, Michael Sandoval, Heather Sandoval and HMJZ LLC's Motion to Dismiss Third Party Complaint and Plaintiffs' Fed.R.Civ.P. 12(b)(6) Motion to Dismiss, and granted Samson and WCP until July 6, 2010, to amend the counterclaims and third-party complaint. On July 6, 2010, Samson and WCP filed an amended counterclaim and amended third-party complaint. WCP was a party to the amended counterclaim and amended third-party complaint as demonstrated by Robert W. Hatch, II's signature as attorney for WCP.

Thereafter, WCP filed on August 31, 2010, a motion for leave to file third party complaint. Samson filed on that same date a motion to bifurcate. Following a hearing held October 12, 2010, Judge Kirscher, in an illuminating order entered October 25, 2010, denied Samson's motion to bifurcate and granted WCP's motion for leave to file third party complaint. Samson subsequently filed a notice dismissing his amended counterclaim and amended third-party complaint on October 12, 2010.

On November 1, 2010, Atigeo LLC, xPatterns LLC, WCP, Samson, and Michael Sandoval filed a stipulated scheduling order, which Judge Kirscher approved November 2, 2010. Pursuant to the stipulated scheduling order filed by the parties, including WCP, trial was scheduled to commence September 26, 2011. WCP filed an answer and third-party complaint on November 3, 2010.

3

On December 28, 2010, WCP filed notice that it was dismissing, without prejudice, all claims against Atigeo LLC.  Following a hearing held January 4, 2011, Judge Kirscher entered a Memorandum of Decision and Order on January 7, 2011, denying WCP's request for attorney's fees and costs in its Answer and Third-Party Complaint filed November 3, 2010.

WCP then filed another motion to amend its third-party complaint on April 6, 2011. Judge Kirscher granted WCP's motion on May 23, 2011.

On July 20, 2011, Plaintiffs Atigeo LLC and xPatterns LLC, Defendant Samson, Debtor Edra Blixseth, Defendant Julie Barve, and Joseph V. Womack as Trustee for the Bankruptcy Estate of Defendant Matthew R. Crocker, filed a Stipulation wherein the parties stipulated to entry of declaratory judgment on Count I of the Plaintiffs' complaint such that a certain Letter Agreement and all of its terms and instruments were repudiated.  Judge Kirscher approved the Stipulation on July 21, 2011.  However, after WCP filed an emergency motion on July 21, 2011, Judge Kirscher entered an Order on July 22, 2011, agreeing to hold his July 21, 2011, Order approving the Stipulation in abeyance.  Judge Kirscher's Order of July 22, 2011, also provides:

> a hearing on approval of the Stipulation [for] Declaratory Judgment on Count I of Plaintiffs' Complaint between Plaintiffs Atigeo LLC and xPatterns LLC, Defendant Richard Samson as the Trustee for the Blixseth Bankruptcy Estate, Debtor Edra Blixseth, Defendant Julie Barve, and Joseph V. Womack as Trustee for the Bankruptcy Estate of Defendant Matthew R. Crocker filed July 20, 2011, at dkt 240 and on Western Capital Partners LLC's Emergency Motion to Vacate or in the alternative Reconsider July 21, 2011 Order [Approving] Stipulation filed July 21, 2011, at dkt 242, shall be held Wednesday, September 7, 2011, at 09:00 a.m., or as soon thereafter as the parties can be heard, in the 2ND FLOOR COURTROOM, FEDERAL BUILDING, 400 N. MAIN, BUTTE, MONTANA.

Following entry of the above, the Plaintiffs Atigeo LLC and x Patterns LC, Third-Party Defendant Michael Sandoval and Samson filed on July 26, 2011, a Request for F.R.C.P. Rule

4

16(a) Pretrial Conference.  In response, Judge Kirscher entered an Order on July 26, 2011,

suspending all pretrial deadlines and scheduling a conference for September 7, 2011.  Judge

Kirscher did not vacate the hearing on approval of the Stipulation [for] Declaratory Judgment on

Count I of Plaintiffs' Complaint or WCP's Emergency Motion to Vacate and in fact, on August

4, 2011, WCP filed a response to the stipulation and proposed order entering declaratory

judgment on Count I of the Plaintiffs' complaint.  In the docket text of the response, WCP again

set the matter for hearing on September 7, 2011.

      II.      Debtor's main bankruptcy case.

      As a corollary to the Stipulation filed in Adversary Proceeding 09-00105, the Trustee

filed on July 20, 2011, a Motion for Order Approving Settlement With Plaintiffs Atigeo LLC and

xPatterns LLC and Third Party Defendant Michael Sandoval.  In his Motion, the Trustee states

the parties participated in a mediation which took place June 16, 2011, in Seattle, Washington

and that during the mediation, the parties developed the framework for a possible resolution.  In

the Motion, the Trustee further discloses that after discussions with Edra Blixseth and having

reviewed the affidavits of Edra Blixseth and Michael Sandoval found in the record at docket

entry nos. 991-3 and 991-4, the Trustee concluded he would not prevail on Count I of Atigeo

LLC and xPatterns LLC's Complaint, by which Plaintiffs seek to repudiate a March 31, 2007

Letter Agreement.  The Trustee thus concluded it was in the best interest of the Estate to enter

into a Stipulation for Entry of Declaratory Judgment on Count I of the Complaint.  That

Stipulation, as discussed earlier, was filed in Adversary Proceeding 09-00105.

      Once the Letter Agreement was repudiated, the parties were restored to the positions they

were in prior to the Letter Agreement.  In particular, repudiation of the Letter Agreement paved

the way for the Trustee to pursue certain tort claims against the Plaintiffs and/or Michael Sandoval. The Trustee's 9019 Motion filed in Debtor's main bankruptcy case settles the said tort claims for the sum of $1,250,000.

WCP filed opposition to the Trustee's 9019 Motion on August 4, 2011, arguing it had foreclosed on and purchased Debtor's contractual rights under the Letter Agreement, thereby divesting the estate of any remaining interest that it may have had in the Letter Agreement. WCP therefore argues the Trustee lacks standing to pursue, compromise, or settle Count I of Plaintiffs' complaint. WCP goes on to argue that even if the Letter Agreement was repudiated by Debtor and Sandoval prior to WCP's foreclosure sale, that the remaining tort claims are "likely owned by WCP, or at least encumbered by its security interest, and therefore not the property of the Estate under 362(h) of the Code."[1] WCP also challenged whether the claims the Trustee settled were actually tort claims, or mis-characterized contract claims. Because WCP failed to properly notice the matter for hearing in accordance with the Notice attached to the Trustee's Motion and in accordance with Mont. LBR 9013-1, the Court entered an Order on August 5, 2011, setting approval of the Trustee's 9019 Motion for hearing September 7, 2011.

On September 6, 2011, counsel for WCP filed exhibit and witness lists in Debtor's main bankruptcy case and in Adversary Proceeding 09-00105. Due to a family matter, Judge Kirscher was not able to preside over the matters scheduled for hearing September 7, 2011. Rather than

---

[1] The Court need not belabor this point as WCP abandoned such argument at hearing by agreeing that the Trustee was free to pursue his 9019 motion. WCP's argument, at its core, is against this Court's approval of the stipulation in the Adversary Proceeding and the resulting dismissal of Count I of the Plaintiffs' complaint. Nevertheless, even if such argument was not abandoned, the Court doubts that the foreclosure of Debtor's secured debt to WCP included the tort claims at issue, which the Trustee is now settling. *See In re American Cartage, Inc.*, 656 F.3d 82 (1st Cir. 2011).

continue the hearings at the last minute, Judge Kirscher asked the undersigned to preside over his

September 7, 2011, hearings.  The matters considered by the Court on September 7, 2011,

included approval of the Stipulation [for] Declaratory Judgment on Count I of Plaintiffs'

Complaint, Western Capital Partners LLC's Emergency Motion to Vacate or in the alternative

Reconsider, and The Trustee's 9019 Motion.  At the September 7, 2011 hearing, the Court heard

attorney argument, Samson testified and the Trustee's Exhibits 1 through 8 and WCP's Exhibit

A, B and G were admitted into evidence.  At the conclusion of the hearing, I granted the parties

leave to file post-hearing briefs.  After briefs were filed, I entered Findings of Fact, Conclusions

of Law and an Order on September 27, 2011.  WCP's motions to reconsider followed.

## APPLICABLE LAW

Rule 60, FED.R.CIV.P., incorporated into the Federal Rules of Bankruptcy Procedure by

Rule 9024, provides relief from an order or judgment for such items as mistake, inadvertence,

excusable neglect, newly discovered evidence and fraud.  WCP requests that the Court reconsider

its Findings of Fact, Conclusions of Law and Order entered September 27, 2011, under Rule

60(b)(1) which provides: "On motion and upon such terms as are just, the court may relieve a

party or a party's legal representative from a final judgment, order, or proceeding for the

following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]

Under Rule 60(b)(1), a court may relieve a party from a final judgment for mistake,

inadvertence, surprise, or excusable neglect.  Courts will not grant relief for an attorney's

negligent conduct, however, except in very limited circumstances, such as the attorney's death or

the diagnosis of a debilitating medical condition.  *See, e.g., United States v. Cirami*, 563 F.2d 26,

34 (2nd Cir. 1977) (attorney's psychological disorder caused professional negligence); *Vindigni v.*

7

*Meyer*, 441 F.2d 376, 377 (2nd Cir. 1971) (counsel no longer attending to practice and reportedly

had "disappeared").  As the Ninth Circuit Court of Appeals has cautioned:

> Counsel for litigants...cannot decide when they wish to appear, or when they will
> file those papers required in a lawsuit.  Chaos would result....  There must be
> some obedience to the rules of the court; and some respect shown to the
> convenience and rights of other counsel, litigants, and the court itself.

*Smith v. Stone,* 308 F.2d 15, 18 (9th Cir. 1962) (lawyer's failure to follow court rules not

"excusable neglect" under Rule 60(b)).  Indeed, courts have opined that where failure to submit

evidentiary materials arises solely from counsel's carelessness, to grant Rule 60(b) relief would

constitute an abuse of the trial court's discretion.  *Lavespere v. Niagara Machine & Tool Works,*

*Inc.,* 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds, *cert. denied*, 510 U.S. 859,

114 S.Ct. 171 (1993); *Lomas and Nettleton Co. v. Wiselley*, 884 F.2d 965, 967 (7th Cir. 1989).

In addition, "[r]elief under Rule 60(b) requires a party to show 'extraordinary

circumstances,' suggesting that the party is faultless in the delay."  *Pioneer Inv. Services, Co. v.*

*Brunswick Associated Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 1497, 123 L.Ed.2d 74

(1993).  Such relief "normally will not be granted unless the moving party is able to show both

injury and that the circumstances beyond its control prevented timely action to protect its

interests."  *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)

*cert. denied*, 510 U.S. 813,114 S.Ct. 60, 126 L.Ed.2d 29 (1993); *see also Ben Sager Chemicals*

*Int'l, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977) (holding that Rule 60(b) movant

must demonstrate the presence of "'a meritorious defense and that arguably one of the four

conditions for relief applies–mistake, inadvertence, surprise or excusable neglect'").  Applying

the foregoing to the facts in the instant case, the Court finds that WCP has not satisfied its burden

under F.R.B.P. 9024.

DISCUSSION

WCP argues it was improper for this Court to consider approval of the Stipulation

without motion and proper notice to WCP.  All hearings held by this Court are evidentiary

hearing and WCP knew, or should have known, that the hearing scheduled for September 7,

2011, was a hearing on approval of the Stipulation between Plaintiffs Atigeo LLC and xPatterns

LLC, Defendant Samson, Debtor Edra Blixseth, Defendant Julie Barve, and Joseph V. Womack

as Trustee for the Bankruptcy Estate of Defendant Matthew R. Crocker.  Indeed, after WCP filed

its emergency motion for reconsideration, Judge Kirscher entered an Order agreeing to hold his

July 21, 2011, Order approving the Stipulation in abeyance.  Judge Kirscher's Order of July 22,

2011, specifically gave notice that:

> a hearing on approval of the Stipulation [for] Declaratory Judgment on Count I of
> Plaintiffs' Complaint between Plaintiffs Atigeo LLC and xPatterns LLC,
> Defendant Richard Samson as the Trustee for the Blixseth Bankruptcy Estate,
> Debtor Edra Blixseth, Defendant Julie Barve, and Joseph V. Womack as Trustee
> for the Bankruptcy Estate of Defendant Matthew R. Crocker filed July 20, 2011,
> at dkt 240 and on Western Capital Partners LLC's Emergency Motion to Vacate
> or in the alternative Reconsider July 21, 2011 Order [Approving] Stipulation filed
> July 21, 2011, at dkt 242, shall be held Wednesday, September 7, 2011, at 09:00
> a.m., or as soon thereafter as the parties can be heard, in the 2ND FLOOR
> COURTROOM, FEDERAL BUILDING, 400 N. MAIN, BUTTE, MONTANA.

Judge Kirscher could not have been more clear regarding his intention hear evidence on the

Stipulation.

Notwithstanding, counsel for WCP claims he was confused because Judge Kirscher later

entered an order setting a pretrial scheduling conference for September 7, 2011.  I agree that

Judge Kirscher, at the request of the parties to the Stipulation, set a scheduling conference for

9

September 7, 2011.  However, Judge Kirscher did not vacate the hearing on approval of the Stipulation.

Moreover, the Request for Rule 16(a) Pretrial Conference referenced the Stipulation between the parties and also referenced WCP's objection thereto, and based on such pleading, stated:

> 6.     If the Court approved the agreed-upon settlement at the September 7, 2011 hearing, this adversary proceeding will be fully resolved.  However, by the time the parties appear before the Court on September 7, 2011, some of the above-described deadlines – including the deadline to complete discovery and file dispositive motions – will have passed, and many of the other deadlines – including the trial – will be upon the parties.
>
> 7.     Give the proximity of the September 7 hearing on approval of the Settling Parties' settlement agreement to the September 26 trial date, all the parties will be in the untenable position of devoting precious resources to preparing for a trial that may not take place.  Accordingly, the Settling Parties respectfully request the Court's guidance and direction in hopes of avoiding the need to incur the substantial expense associated with the pre-trial preparations pending the Court's consideration of their settlement motion.

It is plainly evident from Judge Kirscher's July 26, 2011, Order that he granted the above request by suspending all unexpired pretrial deadlines, suspending the trial date and scheduling another pretrial conference.  As previously mentioned, Judge Kirscher never vacated the hearing on approval of the settlement.

The fact that WCP's counsel misunderstood the nature of the hearing and neglected to present evidence in opposition to the settlement, is not, after the fact, grounds to grant a request for reconsideration.  Under Rule 60, the question of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice to the [other party], the length of delay and its potential

10

impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1498.   The Ninth Circuit has held that the equitable test in *Pioneer* applies in Rule 60(b). *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381-82 (9th Cir. 1997). The Court is not persuaded by WCP's attempts to justify its failure to present evidence to refute the settling parties' persuasive evidence at the September 7, 2011, hearing.

WCP next attempts to argue it was improper for the Court to consider the settlement in Adversary Proceeding 09-00105 without WCP's participation.  WCP was not a stranger to the Adversary Proceeding.  Rather, WCP was an active participant in the Adversary Proceeding, had ample notice of the September 7, 2011 hearing and in fact, appeared at the September 7, 2011, hearing.  WCP has simply failed to show any extraordinary justification for its failure to present not a single shred of evidence at the September 7, 2011 hearing to refute the settling parties' evidence that the Letter Agreement was repudiated.

The Letter Agreement is dated March 29, 2007, a date prior to June 15, 2007, when Debtor personally guaranteed a loan between WCP and certain entities owned by Debtor's son, Matthew Crocker.  WCP was not a party to the Letter Agreement.  The Affidavits of Michael Sandoval and Debtor establish that neither Michael Sandoval or any of his entities nor Debtor or any of her entities, performed their respective obligations under the Letter Agreement.  Thus, it was properly repudiated.

I would note that judicial proceedings would come to a grinding halt if parties were granted the discretion to prosecute motions, objections and other pleadings at their pleasure. Indeed, as the Supreme Court has aptly noted:  "Deadlines may lead to unwelcome results, but

11

they prompt parties to act and they produce finality." *Taylor v. Freeland & Kronz*, 503 U.S. 638, 644, 112 S.Ct. 1644, 1648, 118 L.Ed.2d 280 (1992). In this case, WCP's failure to present evidence in opposition to the stipulation at the September 7, 2011 hearing has produced unwelcome and unwanted results, but September 7, 2011, was the date and time for WCP to voice its objection to the stipulation which repudiates the Letter Agreement. It would constitute an abuse of discretion to grant WCP's motion for reconsideration at this juncture.

WCP argued for the first time in a reply Brief filed October 14, 2011, that the United States Supreme Court's recent decision in *Stern v. Marshall*, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), prohibits this Court from dismissing WCP's causes of action. First, this Court is not dismissing any cause of action filed by WCP. Rather, this Court has entered judgment on Count I of Atigeo LLC and xPatterns LLC's complaint. Second, this Court finds WCP's interpretation of *Stern v. Marshall* overly broad.

Until September 27, 2011, WCP was a willing participant in Adversary Proceeding 09-00105. As the record reflects, WCP filed a motion to intervene on March 29, 2010, requesting it "be joined as a defendant in this case pursuant to F.R.C.P. 20(a) and to be further granted permission to participate as a litigant as to those third party claims or counterclaims that have already been filed in this case." WCP proceeded to file not only an answer to the Plaintiffs' complaint, but also counterclaims and a third-party complaint. WCP was also a party to the stipulated scheduling order. Given WCP's course of conduct, I find WCP waived and forfeited its right to challenge this Court's authority to decide all claims asserted in Adversary Proceeding 09-00105, including Plaintiffs' Count I seeking repudiation of the Letter Agreement.

For the reasons discussed above, the Court concludes that WCP failed to sustain its

burden with respect to the motion for reconsideration filed in Adversary Proceeding 09-00105.

Therefore, the Motion to Reconsider This Court's Finding of Fact Conclusion of Law and Order

at Docket #286 and Order at #287 filed in Adversary Proceeding 09-00105 on September 29,

2011, at docket entry no. 289 is denied.

 As for the Trustee's 9019 Motion, counsel for WCP argued at the October 24, 2011,

hearing that he had no objection to the Trustee's settlement of the Estate's tort claims for

$1,250,000.  WCP simply argued the Trustee's 9019 Motion could not prejudice WCP's rights.

Given this Court's approval of the settlement regarding the Letter Agreement in Adversary

Proceeding 09-00105, the Court finds that the Trustee's settlement of the Estate's tort claims

does not in any way negatively impact WCP.

 In reaching the September 27, 2011, decision to approve the Trustee's 9019 Motion, I

considered the factors articulated in *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381

(9th Cir. 1986):

> (a) the probability of success in the litigation; (b) the difficulties, if any, to be
> encountered in the matter of collection; (c) the complexity of the litigation
> involved, and the expense, inconvenience and delay necessarily attending it; and
> (d) the paramount interest of the creditors and a proper deference to their
> reasonable views in the premises.

As explained in *A & C Properties*:

> The purpose of a compromise agreement is to allow the trustee and the creditors
> to avoid the expenses and burdens associated with litigating sharply contested and
> dubious claims.  The law favors compromise and not litigation for its own sake,
> and as long as the bankruptcy court amply considered the various factors that
> determined the reasonableness of the compromise, the court's decision must be
> affirmed.

*Id*. at 1380-81 (citations omitted).  Considering all relevant factors, this Court found that the

Settlement Agreement attached to the Trustee's Motion for Order Approving Settlement With

Plaintiffs Atigeo LLC and xPatterns LLC and Third Party Defendant Michael Sandoval was "fair

and equitable" as required by *In re A&C Properties*.

WCP having failed to show otherwise, the Court finds it proper to deny WCP's Motion to

Reconsider This Court's Finding of Fact Conclusion of Law and Order Dated September 27,

2011, at Docket #1054 and Order at #1055 filed September 29, 2011, at docket entry no. 1059.

Accordingly,

IT IS ORDERED that Western Capital Partners, LLC's Motion to Reconsider This

Court's Finding of Fact Conclusion of Law and Order at Docket #286 and Order at #287 filed in

Adversary Proceeding 09-00105 on September 29, 2011, at docket entry no. 289 is denied.

IT IS FURTHER ORDERED that WCP's Motion to Reconsider This Court's Finding of

Fact Conclusion of Law and Order Dated September 27, 2011, at Docket #1054 and Order at

#1055 filed in Debtor's main bankruptcy case on September 29, 2011, at docket entry no. 1059 is

denied.

BY THE COURT

/s/ *John L. Peterson*

HON. JOHN L. PETERSON
Bankruptcy Judge
United States Bankruptcy Court
District of Montana

14