# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE | ) |
| | ) Case No. 09-60452 |
| EDRA D. BLIXSETH, | ) |
| | ) Chapter 7 |
| Debtor. | ) |
| _____ | ) |
| | ) |
| ATIGEO LLC and | ) |
| XPATTERNS LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Adv. No. 09-00105 |
| | ) |
| RICHARD J. SAMSON, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| WESTERN CAPITAL | ) |
| PARTNERS LLC, | ) |
| | ) |
| Third-party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL SANDOVAL, | ) |
| XPATTERNS LLC, and | ) |
| ATIGEO LLC, | ) |
| | ) |
| Third-party Defendants. | ) |
| _____ | ) |

MEMORANDUM OF DECISION - 1

# MEMORANDUM OF DECISION
_____

Before the Court is a request for a series of evidentiary rulings on the admissibility of designated portions of the deposition testimony of two deponents. Additionally, the parties request a ruling on the admissibility of prior trial testimony of an unavailable witness.

## BACKGROUND

On December 7, 2009, Atigeo LLC ("Atigeo")[1] and xPatterns LLC ("xPatterns") filed a complaint against a number of defendants, including Edra Blixseth ("Blixseth"), Opspring LLC ("Opspring"), and Blxware, LLC[2]. Western Capital Partners LLC ("WCP") was granted leave to intervene as a third-party plaintiff in the adversary action. Adv. Doc. No. 64, 67, 68. On April 6, 2011, WCP filed its "First Amended Third-Party Complaint," seeking judgment against xPatterns, Atigeo, and Sandoval for failing to fulfill obligations under a written agreement entered into by Blixseth and several members of her family, Opspring, xPatterns, Atigeo, and Sandoval. Doc. Nos. 193-1 ("Third-Party Complaint"),

---

[1] Atigeo is the successor to AziMyth LLC ("AziMyth"). AziMyth was the party that entered into a settlement agreement, which will be discussed further below. Throughout the litigation the parties generally referred to this business entity as Atigeo, and the Court will likewise do so in this Decision.

[2] Blxware is a successor in interest to Opspring. However, the parties often referred to Opspring and Blxware interchangeably. For ease and clarity, the Court will generally refer to "Opspring." The distinction between Opspring and Blxware is not material to this Decision.

193-3 (the "Letter Agreement"). WCP is a creditor of Blixseth and, through a foreclosure sale, became the successor to Blixseth's contract claims against Sandoval, xPatterns, and Atigeo. Adv. Doc. No. 464 at 1.

During the case, the parties agreed to admit into evidence portions of the depositions *de bene esse* of Alan Annex ("Annex") and Nicholas Rhodes ("Rhodes"). Additionally, Sandoval seeks admission of a portion of Blixseth's trial testimony in a prior related case. *See Samson v. Western Capital Partners LLC*, United States Bankruptcy Court, District of Montana, Adv. No. 10-00094 (the "Prior Case").

The parties submitted a consolidated document outlining the portions of the contested documents each party designates for admission, along with objections to such designations. Doc. No. 454. Having considered the requests and objections under applicable law, this Decision sets forth the Court's rulings on the admissibility of the designated portions of the depositions of Annex and Rhodes and the transcript of Blixseth's prior testimony. Rules 7052; 9014.[3]

**DISCUSSION AND DISPOSITION**

In light of the volume and detail of the objections to the depositions and transcript under consideration here, the Court begins by addressing the evidentiary

---

[3] References to "Rule" are to the Federal Rules of Bankruptcy Procedure and references to "Civil Rule" are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION - 3

rules and procedures applied to determine the admissibility of each. The Court's ruling on each designation and request for admission regarding the depositions is contained in the attached spreadsheets, Exhibits 1 and 2. Its ruling regarding Blixseth's prior testimony is set forth later in this Decision.

### A. Legal Standards

#### 1. Relevance

A court's decision to admit or exclude evidence from the record is necessarily informed by its duty to construe the rules of evidence so as to "administer every proceeding fairly [and] eliminate unjustifiable expense and delay . . . to the end of ascertaining the truth and securing a just determination." Fed. R. Evid. 102. "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence [and] the fact is of consequence in determining the action." Fed. R. Evid. 401. Courts have discretion to exclude even relevant evidence if its probative value is substantially outweighed by a danger of, among other things, unfair prejudice, confusion, undue delay, or waste of time. Fed. R. Evid. 403.

In a bench trial, "the risk that a verdict will be affected unfairly and substantially by the admission of irrelevant evidence is far less than in a jury trial." *EEOC v. Farmer Bros. Co.*, 31 F.3d 891 (9th Cir. 1994). Federal Rule of Evidence 403 assumes that a trial judge is able to discern and weigh the improper

MEMORANDUM OF DECISION - 4

inferences from certain evidence and to exclude those improper inferences from his mind in reaching a decision. *Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981). Accordingly, the Court will weigh and determine the relevance of *all* evidence, excluding improper inferences based on irrelevant evidence, in issuing its final decision. As such, the relevance objections registered by each party in regard to the subject depositions will be overruled, much as their relevance objections were at trial.

### 2. Foundation

Evidence offered by a party must have a proper foundation. Fed. R. Evid. 602. Non-expert witnesses may testify to matters only after "evidence [has been] introduced sufficient to support a finding that the witness has personal knowledge of the matter." *Id.* Personal knowledge is "knowledge produced by the direct involvement of the senses." *United States v. Lopez*, 762 F.3d 852, 863 (9th Cir. 2014). The Court has applied these rules in deciding whether to sustain or overrule each objection based on a lack of foundation.

### 3. Hearsay

Hearsay is an out of court statement that a party offers to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). Hearsay statements are inadmissible unless an exception based on federal statute, the Federal Rules of Evidence, or a Supreme Court rule, provides otherwise. Fed. R. Evid. 802.

MEMORANDUM OF DECISION - 5

Federal Rules of Evidence 803 and 804 provide a list of exceptions to the hearsay rule. The Court has applied these hearsay rules, as well as all other applicable Federal Rules of Evidence, in determining whether to sustain or overrule each hearsay objection.

### 4. Depositions

The use of depositions is governed by Civil Rule 32, which is incorporated by Rule 7032. The deposition of a witness who is unavailable for trial because the witness is more than 100 miles from the trial location may be used for any purpose. Civil Rule 32(a)(4)(B). "A deposition lawfully taken and, if required, filed in any previous federal or state court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in a later action." Civil Rule 32(a)(8). If a party only offers part of a deposition into evidence, an adverse party may request the introduction of other parts of the deposition as fairness requires. Civil Rule 32(a)(6). Civil Rule 32(a) is an independent exception to the hearsay rule. *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 914-915 (9th Cir. 2008).

### 5. Prior testimony

Federal Rule of Evidence 804(b)(1) provides that former trial testimony is not excluded by the rule against hearsay if the declarant is unavailable as a witness

MEMORANDUM OF DECISION - 6

and where the prior trial testimony is offered against a party who had "an opportunity and similar motive to develop it by direct, cross-, or redirect examination." As explained by the Ninth Circuit, the "similar motive" requirement does not mean the party must have had identical motive. Rather, the "similar motive" analysis is "'inherently a *factual* inquiry' based on 'the similarity of the underlying issues and on the content of the . . . questioning.'" *United States v. Duenas*, 691 F.3d 1070, 1087 (9th Cir. 2012) (quoting *United States v. Salemo*, 505 U.S. 317, 321 (1992)) (emphasis in original).

### B. Evidentiary Rulings

#### 1. Annex's Deposition

The Court has considered the parties' designations, counter-designations, and objections. The Court's rulings regarding Annex's deposition are reflected in Exhibit 1 to this Decision.

#### 2. Rhodes' Deposition

The Court has considered the parties' designations, counter-designations, and objections. The Court's rulings regarding Rhodes' deposition are reflected in Exhibit 2 to this Decision.

#### 3. Blixseth's Prior Testimony

Sandoval seeks to admit portions of Blixseth's prior testimony relating to two issues. The first is a lawsuit stemming from Opspring hiring an employee

MEMORANDUM OF DECISION - 7

from another technology company, along with the financial impact of such suit. The second is related to Blixseth's investment in Opsping and the amount of revenue received by Opspring on government contracts. WCP objects to the admissibility of any portion of Blixseth's prior testimony, claiming it is hearsay and no exception to the rule against hearsay is applicable.

It is uncontested that Blixseth was "unavailable as a witness" in this matter and that WCP had an opportunity to examine Blixseth at the time of her prior testimony. The question is whether, at that time, WCP had "similar motive" to develop Blixseth's testimony.

In the Prior Case, the issues differed from those in this case. The issues in the Prior Case concerned whether WCP improperly obtained property from Blixseth. Specifically, the chapter 7 trustee, Richard Samson, asserted that Blixseth's guarantee of a loan made by WCP was an avoidable fraudulent transfer; that WCP received a preferential transfer; and that WCP's proof of claim should be disallowed. *See* Prior Case, Doc. No. 133 at 40–41.

Here, the issue is whether Sandoval breached the Letter Agreement and, specifically, whether Sandoval's guaranty of an agreement between Blixseth and Atigeo is enforceable, the amount of such obligation, and whether his nonperformance of such obligation is excused by Blixseth's nonperformance of her obligations under the agreement. Having reviewed the records in this

MEMORANDUM OF DECISION - 8

adversary case and the Prior Case, and given the differences between the two, the Court determines WCP did not have similar motive to develop Blixseth's testimony in the Prior Case. Accordingly, admission of Blixseth's prior testimony, which is hearsay, is denied.

**CONCLUSION**

The designated portions of Annex's and Rhodes' depositions to which no objections were raised are admitted. Rulings on each specific objection to the designated portions of those depositions are provided in Exhibits 1 and 2 of this Decision. Blixseth's prior testimony is not admitted.

DATED: February 27, 2019

TERRY L. MYERS
U. S. BANKRUPTCY JUDGE